**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF MARYLAND**
***Southern Division***

**HERCULES O. PITTS, *et al.***

**Plaintiffs,**

**v.** **Case No.: GJH-15-451**
**Member Case No.: GJH-15-933**

**ANGELO MOZILO, *et al.***

**Defendants.**

* * * * * * * * * * * *

## MEMORANDUM OPINION

Defendants removed this action from the Circuit Court for Prince George's County, Maryland (the "Circuit Court") to this Court on February 18, 2015. *See* ECF No. 1. Plaintiffs challenge Defendants' actions with regard to a loan on a residential property and the ultimate foreclosure on that property. Defendants have filed motions to dismiss based primarily on failure to state a claim. *See* ECF Nos. 12, 16, 22 & 30.[1] A hearing on these motions is unnecessary. *See* Loc. R. 105.6 (Md.). For the reasons that follow, the motions to dismiss are GRANTED.

## I. BACKGROUND

Plaintiffs bought or refinanced a residential property located at 11609 Bonaventure Drive, Upper Marlboro, MD 20774 (the "Property") on November 22, 2006. *See* ECF No. 16-2. To do so, Plaintiffs borrowed $704,700.00 from Countrywide Home Loans, Inc. The loan was secured by a deed of trust against the Property. *Id.*

[1] In response, Plaintiffs filed a "Order to Dismiss All Fraudulent Filings on Behalf of the Defendants and Bar Defendants from Filing any Orders to have Anything Dismissed with Plaintiffs Name Attached As," *see* ECF No. 21, which the Court construes as an opposition to the motions to dismiss.

A foreclosure was docketed against the Property on July 28, 2014 in the Circuit Court. *See* ECF No. 12-2. On October 22, 2014, the Plaintiffs filed a motion to stay the foreclosure, arguing that their constitutional rights had been violated. *See* ECF No. 12-2. On October 27, 2014, the Circuit Court denied Plaintiffs' motion and permitted the foreclosure to proceed. *See* ECF No. 12-3. On October 28, 2014, the Property was sold at a public foreclosure auction. *See* ECF No. 12-4.

Plaintiffs filed a lawsuit against Defendants on December 16, 2014 in the Circuit Court.[2] *See* ECF No. 1 at 1. Plaintiffs allege that Defendants Angelo Mozilo and Countrywide Home Loans, Inc. originally provided Plaintiffs with the loan for the Property. *See* ECF No. 2 at 2. Plaintiffs assert that Defendant Samuel I. White was a trustee and participated in the securitization of Plaintiffs' loan. *See id.* Plaintiffs further allege that Defendants Bank of America, NA; Laurel H.G. O'Sullivan; McCabe, Weisberg & Conway; Specialize Loan Servicing, LLC; and Bank of New York Mellon were involved in the improper securitization of Plaintiffs' loan. *See id.* Plaintiffs also claim there are other potential defendants whom Plaintiffs cannot yet identify. *See id.* at 3.

Plaintiffs' lawsuit disputes that Defendants own the title and deed of trust to the Property. *See* ECF No. 2 at 3–7. Plaintiffs suggest that Defendants violated laws and committed fraud in the original loan transaction and subsequent securitization of the loan. *See id.* Further, Plaintiffs believe Defendants have assigned the title and deed of trust and, therefore, did not have the right to foreclose on the property and owe Plaintiffs monetary damages. *See id.* Plaintiffs claim Defendants' actions constitute violations of the Truth in Lending Act ("TlLA") and the Real

[2] This case was removed on February 18, 2015. *See* ECF No. 1. Plaintiffs then filed a subsequent case in this Court against the same parties, making the same allegations. That case was consolidated with this case. *See Pitts, et al. v. Mozilo, et al.*, GJH-15-933, ECF No. 23. Thus, the Court's analysis and decisions are applicable to both cases.

Estate Settlement Procedures Act ("RESPA"), fraud, intentional infliction of emotional distress, and slander of title. Plaintiffs assert that due to Defendants' violations of these laws, Defendants lacked standing to foreclose on the Property and Plaintiffs are entitled to quiet title of the property, a declaration that Defendants do not have an interest in the Property, a rescission of the loan, and monetary damages. *See id.* at 8–16.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "When it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss." *See Miller v. Pac. Shore Funding*, 224 F.Supp. 2d 977, 985 (D. Md. 2002), *aff'd*, 92 F. Appx. 933 (4th Cir. 2004); *see also Dean v. Pilgrim's Pride Corp.,* 395 F.3d 471, 474 (4th Cir. 2005) ("The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint.").

To survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678–79; *Twombly*, 550 U.S. at 545 ("a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Self-represented litigants' pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F.Supp. 2d 310, 314 (D. Md. Feb. 20, 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC 10–3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim.") (citation omitted), *aff'd*, 526 F. Appx. 255 (4th Cir.2013).

## III. DISCUSSION

### A. TILA

Plaintiffs assert that Defendants violated TILA "by failing to provide Plaintiffs with accurate material disclosures required under TILA and not taking into account the intent of the State legislature in approving this status which was to fully inform home buyers of the pros and

cons of adjustable rate mortgage[s] in a language both written and spoken that they understand and comprehend; and advise them to compare similar loan products with other lender[s.]" ECF No. 2 at 12. According to Plaintiffs, Defendants also failed to "offer other loan products that might be more [advantageous] for the borrower under the same qualifying matrix." *Id.*

In adopting TILA, Congress declared that "[i]t is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). As such, TILA requires that a creditor make certain material disclosures at the time the loan is made. *Id.* § 1638(a). TILA is subject to a limitations period of one year from the date of closing for all claims for money damages. 15 U.S.C. § 1640(e); *Davis v. Edgemere Finance Co.*, 523 F.Supp. 1121, 1123 (D. Md. 1981). A rescission claim under TILA must be brought within three years of the loan closing. 15 U.S.C. § 1635(f); *Davis*, 523 F.Supp. at 1124. Under either limitations period, Plaintiffs' claims were filed in 2014 and arise from a 2006 loan closing. Thus, on the face of the complaint, they are barred by limitations and are DISMISSED. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790, 792 (2015).[3]

[3] While Plaintiffs assert that the statute of limitations should be tolled due to Defendants "failure to effectively provide the required disclosures and notice," *see* ECF No. 2 at 12, the Fourth Circuit has previously outlined the narrow circumstances under which equitable tolling has been permitted:

> Equitable tolling has been allowed in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have also recognized that equitable tolling is appropriate when extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time. Equitable tolling is not appropriate, however, where the claimant failed to exercise due diligence in preserving his legal rights.

**B. RESPA**

Plaintiffs assert that Defendants violated RESPA because they did not provide "separate fee agreements regarding the use of Country Wide Home Loan, Inc. as the [i]ndex for basis of loan, [d]isclosures of additional income due to interest rate increases[,] or the proper form and procedure in relation to the [b]orrower's [r]ight to [c]ancel." ECF No. 2 at 12. Plaintiffs also contend that the "payments between the Defendants were misleading and designed to create a windfall." *Id.*

Congress enacted RESPA to "insure that consumers . . . are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices . . . ." 12 U.S.C. § 2601. A RESPA claim brought by a private litigant must be brought within either one or three years from the date of the occurrence of the violation, depending on the type of violation. *See* 12 U.S.C. § 2614. The limitations period begins to run "from the date of the occurrence of the violation," which generally refers to the date of closing for loan origination violations. *Brown v. Wilmington Fin.*, No. CCB–11–699, 2012 WL 975541, at *4 (D. Md. Mar. 21, 2012) (citation omitted).

Plaintiffs' RESPA claim references fees and fee splitting, which is discussed under 12 U.S.C. § 2607 and subject to a one-year limitations period. *See* 12 U.S.C. § 2614. Nonetheless, applying either a one-year or three-year limitations period, Plaintiffs filed this action eight years

---

*Chao v. Va. DOT*, 291 F.3d 276, 283 (4th Cir. 2002). "For the court to find the TILA and RESPA statutes equitably tolled . . . the plaintiff must have properly alleged both fraudulent concealment on the part of the defendants and the inability of the plaintiffs, despite due diligence, to discover the fraud." *Brown v. Wilmington Fin.*, No. CCB–11–699, 2012 WL 975541, at *4 (D. Md. Mar. 21, 2012) (citing *Kerby v. Mortg. Funding Corp.*, 992 F.Supp. 787, 797 (D. Md. 1998)) (additional citation omitted). Here, Plaintiffs have failed to allege facts sufficient to show that equitable tolling would be applicable in this case.

after the closing date. Thus, the RESPA claim is DISMISSED as barred by the statute of limitations.

**C. Fraud in the concealment and fraud in the inducement**

Plaintiffs allege that "Defendants concealed the fact that the [l]oan [was] securitized . . . financial incentives paid . . . [the] existence of [c]redit [e]nhancement [a]greements and . . . [the] existence of acquisition provisions." *See* ECF No. 2 at 9. The statute of limitations for a civil action under Maryland law is three years from the date it accrues. *See* Maryland Code, Courts and Judicial Proceedings Article ("CJP") § 5-101. Notably, this period can be extended if there is ignorance of the cause of action induced by fraud. In that case, "the cause of action shall be deemed to accrue at the time when the party discovered, or by exercise of ordinary diligence should have discovered the fraud." *See* CJP § 5-203. Here, Plaintiffs have not even suggested that they were unable to discover the fraud within three years of the loan closing in 2006 (the action giving rise to their claim). *See Doe v. Archdiocese of Wash.*, 689 A.2d 634, 643 (Md. Ct. Spec. App. 1997) ("the complaint relying on the fraudulent concealment must also contain specific allegations of how the fraud kept plaintiff in ignorance of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud, despite plaintiff's diligence.") (citations omitted). Plaintiffs' fraud claims are DISMISSED as barred by the statute of limitations.

**D. Intentional infliction of emotional distress**

Plaintiffs allege that Defendants have "threatened [Plaintiffs] with the loss of the Property." *See* ECF No. 2 at 9–10. In Maryland, to state a claim for intentional infliction of emotional distress, the plaintiff must allege that the defendant intentionally or recklessly engaged in extreme and outrageous conduct, and the wrongful conduct caused the plaintiff severe

emotional distress. *See Takacs v. Fiore,* 473 F.Supp. 2d 647, 651–52 (D. Md. 2007) (citation omitted). "IIED [(Intentional infliction of emotional distress)] claims are rarely viable in a case brought under Maryland law." *Id.* at 652 (citation and internal quotation marks omitted). Here, Plaintiffs have failed to allege that they have been caused severe emotional distress. Further, threatening Plaintiffs with the loss of property does not qualify as extreme or outrageous conduct under Maryland tort law. *See Ayers v. Ocwen Loan Servicing, LLC,* WDQ-13-1597, 2014 WL 4269051 at * 9 (D. Md. Aug. 27, 2014) (granting motion to dismiss where threatening foreclosure not so extreme and outrageous as to be actionable under Maryland law); *Hamilton v. Ford Motor Credit Co.,* 502 A.2d 1057, 1064 (Md. Ct. Spec. App. 1986) (conduct was not extreme or outrageous when defendants harassed the plaintiff with repeated calls in connection with debt collection). Plaintiffs' intentional infliction of emotional distress claim is DISMISSED for failure to state a claim.

**E. Slander of Title**

Plaintiffs assert that the "Notice of Default, Notice of Trustee's Sale, and Trustee's Deed" disparaged Plaintiffs' valid title. *See* ECF No. 2 at 10. Plaintiff allege that Defendants published these documents while knowing that "Defendants had no right, title[,] or interest in the Property." *Id.* Plaintiffs allege that Defendants published these documents to injure Plaintiffs and obtain the Property unlawfully. *Id.* "To support a claim for slander of title, a plaintiff must plead facts sufficient to show (1) a false statement, (2) that the false statement was communicated to someone else (publication), (3) malice, and (4) special damages." *Rounds v. Maryland-Nat. Capital Park and Planning Comm'n*, 109 A.3d 639, 663–64 (Md. 2015) (citing *Beane v. McMullen*, 291 A.2d 37, 49 (Md. 1972) (additional citations omitted). Here, as in *Simmons v. Bank of America, N.A.*, PJM-13-0733, 2014 WL 509386 at *5 (D. Md. Feb. 6, 2014),

"[Plaintiffs] fail[] to allege what publication [they] believe[] is false, which of one or more of Defendants created the supposedly false publication, or whether such publication played 'a material and substantial part' in causing 'special damage' to [them]." Further, "[d]ominating everything else, of course, is the fact that the Deed of Trust gives the mortgagee or assignee the right to foreclose on the Property." *Id.* Thus, the Notice of Default or Notice of Foreclosure sent to Plaintiffs could hardly be false.[4] *See id*; *see also* ECF NO. 16-3. This claim is DISMISSED.

**F. Quiet Title**

"[T]o state a successful quiet title action, the plaintiff must show his claim to title and allege an invalid or defective adverse interest." *Koehler v. Wells Fargo Bank*, 2011 WL 691583 at *4 (D. Md. Feb.18, 2011). In dismissing plaintiff's quiet title action in *Koehler,* the court stated that since "the plaintiff admits he received and defaulted on a mortgage from the defendant, and conveyed the deed of trust, the quiet title action should be dismissed if the plaintiff has not shown a right to rescission of the mortgage." *Id.* at *13. Here, the Plaintiffs admit that they entered into the mortgage but have not properly pled or demonstrated a right to rescission of their mortgage. *See* ECF No. 12-4. Indeed, the Property has been sold so Plaintiff cannot show they have a claim to the title. The action for quiet title is therefore DISMISSED.

**G. Lack of Standing to Foreclosure**

Plaintiffs contend that Defendants lacked standing to foreclose on the Property. *See* ECF

[4] The *Rooker–Feldman* likely serves as an additional bar to this Court's ability to find in Plaintiffs' favor on this claim. The *Rooker–Feldman* doctrine bars "lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U .S. 462, 486 (1983)). Here, the state court foreclosure proceeding's records demonstrate that Plaintiffs challenged the foreclosure process. *See* ECF No. 12-2. Nevertheless, the Property was sold at a foreclosure sale and the Circuit Court ratified the sale. Thus, this court has no authority to consider allegations related to the propriety of that sale.

No. 2 at 8. "After confronting this precise issue on multiple occasions, courts in this district have repeatedly concluded that a claim for lack of standing is not viable where a defendant has not sought affirmative relief." *Heaney v. Quicken Loans, Inc.*, JFM-14-1002, 2014 WL 4686682 at *3 (D. Md. Sept. 16, 2014) (citing *Simmons.*,2014 WL 509386 at *3) (other citations omitted). Here, Defendants are simply defending a suit brought against them and this claim fails to state a claim.

**H. Declaratory Relief and Rescission**

Plaintiffs have failed to state a claim for any of the claims discussed above and thus fail to show that they are entitled to relief of any kind, including declaratory relief or rescission. Also, under the doctrine of *res judicata*, "a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action and is conclusive, not only as to all matters decided in the original suit, but also as to matters that could have been litigated in the original suit." *Colandrea v. Wilde Lake Cmty. Ass'n, Inc.,* 761 A.2d 899, 910 (Md. 2000) (citing *Lockett v. West*, 914 F.Supp. 1229 (D. Md. 1995)) (additional citations omitted) (emphasis omitted). Thus, because the Circuit Court permitted foreclosure over Plaintiffs' objection and ratified the sale, *res judicata* would be an additional bar to Plaintiffs' request for declaratory relief that Defendants did not have the right to foreclosure and request for rescission of the loan.

Even if these claims were not otherwise dismissed, the Anti-Injunction Act, 28 U.S.C.§ 2283, would serve as yet another bar to these forms of relief as it bars federal courts from enjoining state court proceedings. *See Tucker v. Specialized Loan Servicing*, LLC, -- F.Supp. 3d --, PWG-14-813, 2015 WL 452285 *2 (D. Md. Feb. 3, 2015). Where injunctive relief is barred, declaratory relief that would have the same effect is barred. *Id.* (citations omitted).

## IV. CONCLUSION

For the reasons discussed above, the Court GRANTS Defendants' motions to dismiss. Plaintiffs' claims are dismissed with prejudice.

A separate Order follows.

Dated: August 11, 2015

/S/
George Jarrod Hazel
United States District Judge